FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EUGENE ALEC JUPP,<br><br>               Petitioner,<br><br>   v.<br><br>RON HAYNES,<br><br>               Respondent. | No. 2:24-CV-127-MKD<br><br>ORDER DISMISSING HABEAS PETITION<br><br>**ECF No. 3** |

     Before the Court is Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. ECF No. 3. The Court has reviewed the briefing and the record and is fully informed. For the following reasons, the Court dismisses the petition with prejudice.

## BACKGROUND

**A. Direct Appeal**

     On February 21, 2019, a jury found Petitioner guilty of murder in the second degree (Count 1). ECF No. 23-1 at 2, 4. The Spokane County Superior Court of Washington sentenced Petitioner to 300 months of imprisonment. ECF No. 23-1 at 6. Petitioner, through appointed appellate counsel, appealed the

ORDER – 1

1  October 13, 2020, judgment, claiming errors in during trial and at sentencing.
2  ECF No. 23-1 at 85-123; ECF No. 3 at 3 ¶ 9.  While the appeal was pending,
3  Petitioner was permitted to file a statement of additional grounds for review in
4  addition to the briefing submitted by counsel.  *See generally* ECF No. 23-1 at 125-
5  166.  The Washington State Court of Appeals affirmed the judgment on July 7,
6  2020.  *Id.* at 232.  Because Petitioner did not seek discretionary review from the
7  Washington State Supreme Court, the Washington State Court of Appeals issued
8  its mandate on October 14, 2020.  *Id.* at 342.

**B. Personal Restraint Petitions**

On October 13, 2021, one day prior to the expiration of the one-year
deadline to file for collateral relief, Petitioner filed a Personal Restraint Petition
raising several claims based on ineffective assistance of counsel and denial of a
fair trial.  ECF No. 23-1 at 292-297.  The Washington State Court of Appeals
ultimately dismissed the Personal Restraint Petition without prejudice on
December 17, 2021, concluding the Court may not waive the time-bar.  ECF No.
23-1 at 303-307.

On January 14, 2022, Petitioner filed a Motion for Discretionary Review
with the Washington State Supreme Court.  ECF No. 23-1 at 309.  The
Washington State Supreme Court denied review on February 23, 2022.  *Id.* at 353.

ORDER – 2

1 The Washington State Court of Appeals issued a Certificate of Finality dismissing

2 Petitioner's Personal Restraint Petition on April 28, 2022. *Id.* at 356.

3 Nearly seven months later, Petitioner filed a second Personal Restraint

4 Petition with the Washington State Court of Appeals on October 6, 2022. ECF

5 No. 23-1 at 362. On August 24, 2023, the Washington State Court of Appeals

6 dismissed Petitioner's second Personal Restraint Petition as time-barred and found

7 that it failed to meet the requirements for equitable tolling. ECF No. 23-2 at 412-

8 415.[1] Petitioner again sought discretionary review from the Washington State

9 Supreme Court on September 21, 2023. *Id.* at 417. On December 29, 2023, the

---

[1] Petitioner raised claims of "ineffective assistance of counsel based on failure to investigate, ineffective assistance for failure to request a Daubert hearing, ineffective assistance for failure to object to several matters of evidence at trial, ineffective assistance for failure to object to prosecutorial misconduct at trial, the court forcing defense counsel to trial and a CrR 3.5 hearing without sufficient time to prepare, withholding of discovery by the State when the State served its motions in limine on the first day of trial, that the court erred in not dismissing a juror for misconduct, that the jury did not represent a fair cross section of the community, that the State engaged in several instances of misconduct during the trial[.]" ECF No. 23-1 at 413-14 (as written).

ORDER – 3

Washington State Supreme Court denied Petitioner's motion, concluding Petitioner failed to show a justification for equitable tolling. *Id.* at 572-574 (rejecting Petitioner's asserted grounds of losing "considerable" prison library and research time and awaiting discovery and a client file from his prior attorney). Petitioner filed a motion to modify the ruling of the Washington State Supreme Court on February 22, 2024, *id.* at 576, which was denied on April 10, 2024, *id.* at 596. The dismissal of Petitioner's second Personal Restraint Petition became final on April 15, 2024. *Id.* at 598.

### C. Federal Habeas Petition

Petitioner filed his original petition on April 17, 2024. ECF No. 1. On April 30, 2024, Petitioner filed the instant amended petition, raising four grounds for relief. ECF No. 3. The Court reviewed the petition and concluded the statute of limitations for filing for habeas relief expired on August 6, 2021. ECF No. 4 at 6. The Court ordered Petitioner to show cause as to why the Court should not dismiss the petition as time barred. *Id*. Petitioner replied, ECF No. 5, and the Court reaffirmed that the instant Petition would be time-barred unless Petitioner can show a basis for equitable tolling. ECF No. 6 at 2. After the Court directed service of the Petition, Respondent filed a response on October 29, 2024, arguing the Petition is untimely under 28 U.S.C. § 2244(d). ECF No. 22. Petitioner filed a Reply on November 27, 2024. ECF No. 24.

ORDER – 4

## DISCUSSION

Because the Court has previously determined that the Petition is untimely, *see* ECF No. 4 at 6; ECF No. 6 at 3, the question presented is whether the Petition is nevertheless entitled to equitable tolling. As discussed below, the Court concludes it is not.

### A. Legal Standard

"A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (cleaned up). Further, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013). A petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

### B. Analysis

Liberally construing Petitioner's argument, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), Petitioner appears to assert the following grounds as bases for equitable tolling. ECF No. 24 at 9.

First, Petitioner points to the "effect of the COVID-19 pandemic on his case." *Id.* Petitioner alleges this hindered his efforts to request evidence. *Id.* at

ORDER – 5

10. Respondent counters that "[g]eneralized prison conditions during COVID-19 failed to create extraordinary circumstances warranting tolling." ECF No. 22 at 16-19; *see, e.g.*, *Brown v. Davis*, 482 F. Supp. 3d 1049, 1060 (E.D. Cal. Aug. 27, 2020); *McWhorter v. Davis*, 493 F. Supp. 3d 871, 881 (E.D. Cal. Oct. 7, 2020); *Burns v. Shinn*, 2022 WL 1540091, at *4 (D. Ariz. May 16, 2022); *Elam v. Johnson*, 2024 WL 3540522, at *2-3 (D. Nev. Jul. 23, 2024). Further, Respondent notes that Petitioner was in fact able to both make inquiries and submit legal filings—including a tort claim—during the COVID-19 closure period at issue. *Id.* at 19-20. Petitioner's ability to submit legal filings undermines his assertion that the circumstances attendant to COVID-19 affected his ability to timely file his petition.

Second, Petitioner argues the "untimely abandonment of his attorney" qualifies as a basis for equitable tolling. ECF No. 24 at 9. Respondent asserts the retirement of Petitioner's attorney does not constitute an extraordinary circumstance. ECF No. 22 at 15-16. Respondent correctly identifies four facts that undermine the assertion that Petitioner's former counsel's retirement constitutes an extraordinary circumstance meriting equitable tolling.[2] *Id.* at 15-16.

---

[2] These facts consist of: (1) "[Petitioner's former counsel] provided notice of his retirement[;]" (2) a lack of evidence suggesting Petitioner detrimentally relied on

ORDER – 6

A petitioner may be entitled to equitable tolling when—unlike in the instant matter—their "counsel's health issues precipitated his retirement . . . and petitioner diligently urged his counsel to file his petition." *Kershaw v. Evans*, 2007 WL 2345011, at *6 (E.D. Cal. Aug. 16, 2007), *report and recommendation adopted,* 2007 WL 2429506 (E.D. Cal. Aug. 24, 2007). Further, the Ninth Circuit has consistently held ordinary attorney negligence, including miscalculation of deadlines or failure to file on time, does not warrant equitable tolling. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). There is no evidence in the record to conclude Petitioner's former counsel's conduct constituted—or exceeded—ordinary attorney negligence.

      Finally, Petitioner argues he had difficulty obtaining records, including his case file and evidence from the Spokane Police Department. ECF No. 24 at 9, 14 Respondent argues these difficulties "are more akin to the routine challenges

---

[Petitioner's former counsel] to timely file a PCR; (3) nothing indicating Petitioner was affirmatively misled regarding his habeas petition deadlines; and (4) Petitioner "has not shown that [Petitioner's former counsel's] retirement actually prevented him from timely filing his own federal petition." ECF No. 11 at 15-16.

ORDER – 7

faced by many incarcerated individuals pursuing post-conviction relief." ECF No. 22 at 21. Further, Respondent argues Petitioner "does not suggest the existence of any reliable new evidence demonstrating his actual innocence." *Id.* If a petitioner fails to provide basis for how the lack of access to certain materials relates to the untimely filing of a petition, courts are likely to deny a request for equitable tolling on this ground. *See, e.g.*, *Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132-33 (C.D. Cal. 2006) (finding petitioner was not entitled to equitable tolling due to missing transcripts because petitioner did not explain how the lack of additional transcripts prevented the timely filing of the habeas petition), *aff'd,* 266 F. App'x 550 (9th Cir. 2008); *see also Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (per curiam) (petitioner not entitled to equitable tolling due to lack of trial transcript where petitioner "was present at trial and knew the basis on which he could have asserted [his habeas claims]"); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling."). The Court concludes Petitioner has failed to demonstrate diligence in seeking these materials and articulate how his inability to obtain these materials prevented the timely filing of his petition. *See, e.g.*, *Ford v. Gonzales*, 683 F.3d 1230, 1237-38 (9th Cir. 2012).

ORDER – 8

## CONCLUSION

For the reasons stated above, Petitioner's Petition is dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1).

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 3**, is **DISMISSED with prejudice**.

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to the parties, and **CLOSE THE FILE**.

DATED February 20, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 9